**UDRY v PRUDENTIAL INS. CO.**

Common Pleas, 1st Dist., Hamilton Co.

No. A-65256. Decided July 10, 1942.

Siegfried Geismar, Cincinnati, C. E. Duerr, Cincinnati, for plaintiff.

O'Brien & Beck, Cincinnati, for defendant.

## OPINION

By SCHWAB, J.

This cause was submitted to the Court without the intervention of a jury. The facts, in the main, are not in dispute. On the 21st day of February, 1936, the defendant issued to Andrew A. Udry, the husband of the plaintiff, a policy of insurance on the life of the said Andrew A. Udry, being No. 9208169, providing that upon the death of Andrew A. Udry the sum of $5000 was to be paid to the plaintiff, designated as the beneficiary in the policy. The policy provided for premiums of $24.15 payable on the 21st day of February, May, August and November in each year for the first five years of the life of the policy. Nine such payments were made, beginning on the 21st day of February, 1936. The tenth payment due on the 21st day of May, 1938, was not paid when due, nor during the statutory period of grace. Andrew A. Udry died on the 7th day of July, 1938.

It is the contention of the defendant that by failure to pay the premium due on May 21, 1938, the policy lapsed and became void.

Plaintiff contends that a portion of the premium due under the policy in the third year of its life created by the terms of the policy itself an extension of the policy beyond the date of the death of Andrew A. Udry, and that by reason thereof the plaintiff is now entitled to the full face value of the policy.

This contention requires an examination of the policy itself and a construction of its provisions. Under the nonforfeiture provisions of the policy it is provided:

"If this policy is to be continued in force by the due payment of premiums until a cash surrender value is first available according to the following Table of Loan and Non-forfeiture values, the insured, by written application and return of the policy to the home office of the company at any time but not after three months from the due date of any premium in default, may elect, subject, as to options (a) and (b), to the consent of any irrevocable beneficiary, any one of the following options, such option to take effect as of the date to which premiums shall have been paid; provided that if no election has been made within three months after the due date of a premium in default, the insurance will be automatically extended as provided in option (c)."

Option (a) provides for the cash surrender value of the policy. Option (b) provides for paid up insurance, and option (c) for extended insurance. The table referred to in the non-forfeiture provisions of the policy reads in part as follows:

| At the end of year | Cash Surrender & Loan Values per $1000 of Face Amount of Insurance. | Paid up Life Insurance per $1000 of face Amount of Insurance. | Automatic Extended Insurance for Face Amount of Insurance. |
|---|---|---|---|
| 1 | None | None | None |
| 2 | None | None | None |
| 3 | $8 | $18 | Year, 68 days. |

Immediately following this table the policy provides:

"If the face amount of insurance under this policy be more or less than $1000, the cash surrender and loan value (column 1) or the paid-up life insurance (column 2) will be proportionately greater or less. If premiums be paid otherwise than annually, due allowance will be made in computing values from the above table for that portion of a year's premium paid over and above the full number of years indicated. The tabular loan value at the end of any year discounted at the rate of six per cent per annum will be available at any time after the entire premium for that year has been paid."

It is the contention of the plaintiff that under this provision of the policy, having paid a portion of the premium due in the third year, due allowance should be made in computing values from the above table, and having paid the premiums for

**426**

two full years, she is entitled under the non-forfeiture provisions to have extended insurance for that period which the portion of the premium paid in the third year would create.

The Court, however, cannot overlook the fact that the table set forth in the policy itself and referred to in the non-forfeiture provision, and likewise in the provisions of the policy immediately following the table, clearly sets forth that the policy will not have a cash surrender value until the end of the third year. To rule otherwise would do violence to all rules of construction of contracts, and to rule as the plaintiff requests would amount to nothing more than the Court writing into this contract provisions which it does not contan.

The Court therefore reaches the conclusion that under the undisputed facts of this case the policy lapsed by the failure to pay the premium due May 21, 1938, and that by reason thereof the plaintiff has no right under the terms of the policy.

Judgment will therefore be entered in favor of the defendant.